UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| DEREK J. BURTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 21-2238 |
| | ) | |
| DEREK HAGEN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff, proceeding pro se and presently incarcerated at Centralia Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging a Fourteenth Amendment claim for failure to provide adequate medical care arising from his detention at the Iroquois County Jail. The matter comes before this Court for ruling on several outstanding motions.

**Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 36)**

A district court should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failures to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017).

The Court found that Plaintiff stated in his Amended Complaint a Fourteenth Amendment claim for failure to provide adequate medical care for his fractured hand against Defendants Hagen, Jaskula, Kochenberger, Pulley, and Starkey. (Doc. 14). The Court dismissed all other asserted claims. *Id.* The Court later denied Plaintiff's motion to supplement his complaint and granted him leave to file a motion for leave to file an amended complaint by

February 10, 2023. Text Order entered Jan. 9, 2023. Plaintiff filed his present motion on February 27, 2023.

Plaintiff's proposed second amended complaint seeks to add as defendants the jail official responsible for medical care when he arrived at the jail and Iroquois County "for respondeat superior and indemnification." Plaintiff also seeks to amend his complaint to clarify that Defendant Becky N.P.'s full name is Rebecca Koerner.

Defendant Koerner was recently served, and her counsel has filed an answer on her behalf. (Doc. 35). The Court has modified the docket to reflect this defendant's full name, and no confusion exists in the record regarding the identity of this defendant. Plaintiff makes no allegations against the jail official he seeks to add, and he cannot prevail against any defendant on the theory of *respondeat superior*. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). Plaintiff does not provide an explanation for his failure to meet the Court's February 10, 2023 deadline. Plaintiff's motion is denied.

### Plaintiff's Motion to Compel (Doc. 40)

Plaintiff seeks a court order compelling Defendants Hagen, Kochenberger, and Starkey to supplement interrogatory answers he claims are deficient. Plaintiff does not identify the answers he believes to be deficient or provide specific reasons to support his motion. Defendants answered most of Plaintiff's interrogatories notwithstanding their objections or referred Plaintiff to documents where his answers could be found. *See* Fed. R. Civ. P. 33(d) (permitting reference

to documents in an interrogatory response). Defendants' answers appear responsive to Plaintiff's interrogatories. Plaintiff's motion is denied.

**Plaintiff's Motion for Appointment of Counsel (Doc. 42)**

28 U.S.C. § 1915 permits the Court to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The provision does not grant an indigent plaintiff a statutory or constitutional right to counsel in these types of cases, nor does it grant the Court the authority to require an unwilling attorney to represent either party. *Wilborn v. Ealey*, 881 F.3d 998, 1008 (7th Cir. 2018). If the case so warrants, a court can only ask a lawyer to volunteer his or her time. *Id.* The number of attorneys in this district willing to do so is substantially fewer than the number of pro se plaintiffs asking for pro bono counsel.

In considering the Plaintiff's motion, the court asks: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). Plaintiff previously satisfied the first prong.

The second prong requires the Court to conduct a particularized inquiry into Plaintiff's competence and the difficulty of the case. *McCaa v. Hamilton*, 959 F.3d 842, 844 (7th Cir. 2020). This assessment extends beyond the trial stage of proceedings to include "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. "Although there are no fixed criteria for determining whether a plaintiff is competent to litigate his own case, a district court certainly should consider the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity, and psychological history." *Eagan v. Dempsey*, 987 F.3d 667,

682 (7th Cir. 2021). A district court may also consider the relative strength or weakness of a plaintiff's claims. *Watts v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022).

Plaintiff indicated in a previous motion that he has an associates degree in general studies. (Doc. 5 at 2). He has personal knowledge of the facts, he has been able to adequately convey them to the Court, and he appears to have been able to obtain relevant documents via the discovery process. *See* (Doc. 40 at 2) (indicating receipt of approximately 4500 pages of records). The complexity of this case does not appear to exceed Plaintiff's intellectual ability, and the Court does not have enough information to determine whether expert testimony will be required.

Plaintiff states that he is scheduled to have surgery on both hands at the same time, and that he anticipates that his recovery will take "some time." Plaintiff does not provide the approximate dates of this surgery, and the Court may be able to remedy any physical limitations via other means. The Court finds that Plaintiff is capable of representing himself at this time. Plaintiff's motion is denied with leave to renew.

### Motions for Extension of Time (Docs. 33, 38, 44)

The parties' respective motions for extension of time are granted. New deadlines are set forth below.

### Plaintiff's Motion for Status (Doc. 43)

Plaintiff's motion is granted. This Order resolves all pending issues.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's motions [36][40] are DENIED.**
2) **Plaintiff's motion [42] is DENIED with leave to renew.**
3) **Plaintiff's motion [43] is GRANTED.**

4) **The parties' respective Motions for Extension of Time [33][38][44] are GRANTED. Discovery shall be completed by June 1, 2023. Experts for both parties shall be disclosed by June 30, 2023. Dispositive motions shall be filed by July 31, 2023.**

Entered this 9th day of May, 2023.

                                    *s/Sara Darrow*
                                    SARA DARROW
                                    CHIEF U.S. DISTRICT JUDGE